### MYERS et al. v. BACHRACH.

#### (Supreme Court, Appellate Term. June 6, 1908.)

ATTORNEY AND CLIENT—ACTION FOR COMPENSATION—EVIDENCE—WEIGHT.

A finding for plaintiffs in an action to recover for attorney's services *held* against the weight of the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 368–372.]

Gildersleeve, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Emanuel J. Myers and another against Abraham Bachrach. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

James W. Osborne, for appellant.
Myers & Goldsmith, in pro. per.

DAYTON, J. Plaintiffs sued to recover for professional services rendered for the defendant. Aside from the sum of $75, charged for consultations in reference to and the making of a chattel mortgage, for which plaintiffs were paid, the services charged for were rendered in certain bankruptcy proceedings in which the firm of Hines & Strobel were the bankrupts and the defendant was the petitioning creditor. As to these charges the defendant claimed that they were made necessary by reason of the neglect of the plaintiffs in failing to file the chattel mortgage made by the said firm to defendant, and which defendant claims plaintiffs agreed to file; and defendant further claims that said services were rendered by plaintiffs gratuitously and with a view to doing all that could be done to rectify their error in failing to file said mortgage.

The pivotal question in the case was whether or not the plaintiffs undertook to file said mortgage in Brooklyn, where the mortgagors then resided. Upon this question we are of the opinion that the plaintiffs failed to sustain the burden of proof. There is no dispute but that a serious mistake was made in failing to file the chattel mortgage, and the subsequent services of the plaintiffs were rendered necessary for that reason, and the contention of the defendant that at the time the

chattel mortgage was drawn by one of the plaintiffs the place of residence of the mortgagors was told to him, and the mortgage was left with him for the express purpose of being filed by him in the proper borough, which was not done, seems to be supported by a preponderance of evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GERARD, J., concurs.

GILDERSLEEVE, P. J. (dissenting). I cannot concur with my Associates in the conclusion reached by them. We have repeatedly refused to interfere with the decision of the trial court upon disputed questions of fact, where there is some credible evidence to support the conclusion reached by the court below; and I see no reason to depart from that rule in the case at bar, which presents purely a question of fact. It is defendant's contention that, as the services of plaintiffs in the bankruptcy proceedings were made necessary by plaintiffs' own neglect, they made a special agreement with the defendant to perform the said services without charge. This is denied by plaintiffs. There seems to be no dispute that the services rendered in the bankruptcy proceedings would have been of the value claimed by plaintiffs, were it not for the alleged neglect of plaintiffs in regard to the filing of the mortgage and the alleged special agreement to make no charge in said bankruptcy proceedings. Plaintiffs claim they delivered to defendant, at the time of its execution, the chattel mortgage, with instructions to file the same in the register's office of Kings county, and that the failure to file the same there was owing to the negligence of defendant himself. This is denied by defendant. The justice found for plaintiffs. I think it cannot be truthfully said that the finding of the justice is so clearly against the weight of evidence as to call for a reversal.

The judgment should be affirmed, with costs.